UNITED STATES DISTRICT COURT
District of Rhode Island

| | | |
|---|---|---|
| THE HILSINGER COMPANY | : | |
| | : | |
| v. | : | C.A. No. 05-199-S |
| | : | |
| BACOU-DALLOZ EYE & FACE PROTECTION, INC. | : | |

**ANSWER**

Defendant, Bacou-Dalloz Eye & Face Protection, Inc. ("Bacou") hereby answers The Hilsinger Company's Complaint as follows:

**Parties**

1. Bacou is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies such allegations.

2. Admitted.

3. Bacou admits that plaintiff purports to bring this action under the cited federal statutes and Rhode Island common law, but otherwise denies the remaining allegations in paragraph 3.

4. Bacou admits the Court's subject matter jurisdiction over this dispute.

5. Admitted.

**Facts**

**A. Hilsinger, Its Products and Trademarks**

6. Bacou is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and therefore denies such allegations.

7. Bacou is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and therefore denies such allegations.

8. Bacou is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and therefore denies such allegations.

9. Bacou is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and therefore denies such allegations.

10. Bacou is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and therefore denies such allegations.

11. Bacou denies that plaintiff owns any goodwill in the commonly used mark LOGIC, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 and therefore denies such allegations.

12. Bacou admits that on August 17, 1999, the mark LOGIC was registered in the United States Patent and Trademark office under Registration 2,270,731. Bacou is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 and therefore denies such allegations.

13. Denied.

**B. <u>Bacou's Business and Products</u>**

14. Admitted.

15. Bacou admits that it has advertised in Occupational Hazards, but otherwise denies the remaining allegations of paragraph 15.

16. Bacou admits that in late 2004 it began advertising and selling a line of safety eyewear using UVEX FITLOGIC, that its product has a high level of comfort and that certain of Bacou's promotional materials are attached as Exhibit C to the complaint, but otherwise is without knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 16 and therefore denies such allegations.

17. Bacou admits that in March 2005, Hilsinger sent a demand letter but denies the remaining allegations in paragraph 17.

18. Denied.

19. Denied.

## COUNT I

**Federal Trademark Infringement**

**(Violation of 15 U.S.C. § 1114)**

20. Bacou repeats and realleges its responses in paragraphs 1 through 19 as if fully set forth herein in response to the allegations of paragraph 20.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## COUNT II

**Federal Unfair Competition and False Designation of Origin**

**Violation of 15 U.S.C. § 1125(a)**

26. Bacou repeats and realleges its responses in paragraphs 1 through 25 as if fully set forth herein in response to the allegations of paragraph 26.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

**COUNT III**

**Common Law Unfair Competition**

32. Bacou repeats and realleges its responses in paragraphs 1 through 31 as if fully set forth herein in response to the allegations of paragraph 32.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

**AFFIRMATIVE DEFENSES AND OTHER DEFENSES**

**FIRST DEFENSE**

LOGIC is a weak, diluted mark widely used by third parties.

**SECOND DEFENSE**

Hilsinger's Complaint for injunctive relief is barred by the doctrine of estoppel.

**THIRD DEFENSE**

Hilsinger's Complaint for injunctive relief is barred by the doctrine of laches.

**FOURTH DEFENSE**

Bacou's use of the UVEX FITLOGIC and/or FITLOGIC marks are not likely to cause confusion with any of Hilsinger's marks.

**FIFTH DEFENSE**

Upon information and belief, Hilsinger's claims are barred, in whole or in part, by the failure to name an indispensable party, namely the actual owners of the mark in question.

WHEREFORE, Bacou demands that this Court dismiss Hilsinger's Complaint with prejudice, enter judgment in Bacou's favor, and award costs and reasonable attorneys' fees to Bacou.

BACOU-DALLOZ EYE &
FACE PROTECTION, INC.

By its Attorneys,

William R. Grimm (#1938)
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, Rhode Island 02903
Tel. (401) 274-2000
Fax. (401) 277-9600

Dated: June 10, 2005

**CERTIFICATION**

To:

Craig Scott, Esq.
Stacy Nakasian, Esq.
DUFFY, SWEENEY & SCOTT
One Turks Head Place
Providence, Rhode Island 02903

I hereby certify that I mailed a copy of the within Answer to the attorneys of record, as listed above, on this 10th day of June, 2005.

#662435