**EXHIBIT A**

## I. Definitions

a. The term "trademark" includes trademarks, service marks, collective marks and certification marks, whether registered or not.

b. The term "LOGIC" means, without limitation, the trademark LOGIC® which is the subject of Registration No. 2,270,731 and all other trademarks and trade names owned or used by Hilsinger, whether registered or not, including, CONTOUR FIT LOGIC, ULTRATHIN LOGIC, LOGIC STRAP BRIDGES, and LOGIC VINYLON.

c. The term "UVEX FITLOGIC" means the designation UVEX FITLOGIC used by Bacou-Dalloz Eye and Face Protection. Inc., or any variations thereof including the use of any portions thereof or use in connection with any design or logo.

## II. Subject Areas

Pursuant to the provisions of Fed. R. Civ. P. 30(b)(6), Hilsinger is hereby directed to designate one or more officers, directors, managing agents, or other persons who consent to testify and are most knowledgeable and competent to testify, regarding the following subject matters. The following matters encompass the period from 1990 to the present unless a different period is detailed in the individual matter.

1. The creation, consideration, selection, adoption, acquisition, first use and subsequent use of the LOGIC designation or the LOGIC "family of marks."

2. Any applications for marks comprising or containing the term LOGIC filed by Plaintiff with the United States Patent and Trademark Office, including but not limited to, correspondence and official actions or responses from the Trademark Office.

3. Plaintiff's applications to register or registrations of any mark or name including the term LOGIC, including but not limited to trademark, service mark, trade name and fictitious name applications or registrations.

4. Sales and marketing materials that include the LOGIC designation and Hilsinger's efforts to market its products with the LOGIC designation.

5. Products and services offered for sale by Hilsinger with the LOGIC designation.

6. Revenue generated by products and services offered for sale by Hilsinger that include the LOGIC designation, including profits derived from those sales.

7. Marketing and promotion of the Hilsinger LOGIC designation, including, but not limited to, past, present and future placement of advertisements and/or the booking of such advertisements.

8. Any press releases or statements issued by Plaintiff in which the LOGIC mark or any other mark comprised of or containing the term LOGIC appeared.

9. Customers to which Hilsinger markets and sells its products, including its products which use the LOGIC designation.

10. Instances of apparent or actual confusion or mistake, if any, relating to the LOGIC marks and the UVEX FITLOGIC designation, including telephone calls logged by Hilsinger.

11. Any efforts by Hilsinger to avoid confusion by the public between Hilsinger's products and Bacou's products in connection with the marketing, advertising, and sale of services in connection with the LOGIC mark and the UVEX FITLOGIC designation.

12. Hilsinger's familiarity with the UVEX FITLOGIC designation.

13. Hilsinger's familiarity with Bacou.

14. The allegations in Hilsinger's Complaint and Bacou's Answer.

15. Hilsinger's Answers to Bacou's Interrogatories and Responses to Bacou's Document Requests.

16. The date when and circumstances surrounding how Plaintiff first became aware of Bacou's use and registration of its various marks including the term UVEX FITLOGIC.

17. The structure, organization, officers, partners, and principals or any parents, subsidiaries, affiliates, predecessors and related entities of Plaintiff, including its organization chart and other governing documents from Plaintiff's inception to the present.

18. Plaintiff's use or plans to use or license the LOGIC mark or any other mark comprised of or containing the term LOGIC including but not limited to when Plaintiff has used or will use such marks, how the marks were or will be used, and where the marks were or will be used, from Plaintiff's inception to the present.

19. Plaintiff's licensing agreements, including any related documentation, with any third party for use of the LOGIC mark or any other mark comprising or containing the term LOGIC.

20. The use of any mark comprised of or containing the term LOGIC by any entity other than the parties to this litigation.

21. Any proposed or actual litigation or opposition proceedings initiated by Plaintiff regarding the LOGIC mark or any other mark comprising or containing the term LOGIC.

22. Any objections received or made by Plaintiff to the use or registration of the LOGIC mark or any other mark comprising or containing the term LOGIC including, but not limited to, all documents showing the status or disposition of such objection.

23. Any trademark or trade name search or inquiry conducted by or on behalf of Plaintiff for the LOGIC mark or name or any other mark or name comprised of or containing the term LOGIC.

24. Communications, whether written or oral, between Plaintiff and Defendant.

25. Any proposals, licenses, authorizations, and co-marketing agreements involving Plaintiff concerning the development and/or sale of any services on which the LOGIC mark or any other mark comprised of or containing the term LOGIC in any form or combination is used, is to be used or has been or is considered for use.

26. Any investigation of the use of the term LOGIC done by, or on behalf of, Plaintiff.

27. Any samples, products or services on which Plaintiff or any of its licensees uses or has used the mark LOGIC or any other mark containing or comprised of the term LOGIC.

28. All drawings or specimens of any logos that use or have used, or incorporate or have incorporated, the LOGIC name and mark or any other name or mark comprising or containing the term LOGIC whether in draft or in final form.

29. Any packaging labels, brochures, signs, promotional items, or any other indicia used in connection with any product or service on which Plaintiff or any of its licensees use or have used the LOGIC mark or name or any other mark or name comprised of or containing the term LOGIC.

30. Any communications with members of the trade concerning the mark and name LOGIC or any mark or name comprising or containing the term LOGIC and any product, item, or service on or for which Plaintiff of any of its licensees uses or has used the LOGIC mark and name or any other mark and name comprising the term LOGIC.

31. The amount spent, by year, by Plaintiff to advertise and promote any goods or services distributed or sold in connection with the LOGIC mark or any other mark comprised of or containing the term LOGIC, from Plaintiff's inception to the present.

32. Any study, survey, market research tests or memoranda conducted by Plaintiff or on Plaintiff's behalf, including, but not limited to demographic, consumer profile studies or consumer confusion surveys relating to the purchasers or potential purchasers of any service or product on which Plaintiff used or has used the LOGIC name and mark or any other name or mark comprising or containing the term LOGIC.

33. Plaintiff's document retention and/or destruction policies, if any.

34. Each type of product or service Plaintiff sells in connection with the mark and name LOGIC or any other mark or name comprising or containing the term LOGIC.

35. The date the mark and name LOGIC or any other mark or name comprising or containing the term LOGIC was first used by Plaintiff and/or its predecessors in interest.

36. The channels of distribution through which any product on which Hilsinger or any of its licensees use or have used the LOGIC name or mark or any other name of mark containing the term LOGIC.

37. Information regarding every trade show Hilsinger has attended since 1995.

38. Information regarding Hilsinger's business lines and its competitors.

39. Information regarding Hilsinger's knowledge of Bacou's registration of the FITLOGIC trademark.